**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4678**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARION WAYNE JORDAN,

Defendant - Appellant.

---

**No. 03-4697**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID MICHAEL JORDAN,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of Virginia, at Danville. Norman K. Moon, District Judge. (CR-02-82)

---

Submitted: March 23, 2005          Decided: April 13, 2005

---

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

A. Wayne Harrison, Sr., LAW OFFICES OF A. WAYNE HARRISON, Greensboro, North Carolina; James P. Rogers, III, Danville, Virginia, for Appellants.  John Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Marion Wayne Jordan and David Michael Jordan were convicted of conspiracy to possess and possession of 100 or more marijuana plants with the intent to manufacture, distribute, or dispense marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000). They appeal their convictions, arguing that the district court erred in admitting into evidence an audio tape recording of a conversation between David Michael Jordan and Barry Corns, a deceased co-conspirator,[*] and a video tape recording of a conversation between Marion Wayne Jordan and Corns.

Both tapes were made after the government seized all the marijuana plants and Corns agreed to cooperate with the government. The district court found that the tapes were admissible both as co-conspirator statements made in furtherance of a conspiracy, Fed. R. Evid. 801(d)(2)(E), and also as statements against penal interest, Fed. R. Evid. 804(b)(3). See United States v. Neal, 78 F.3d 901, 904-05 (4th Cir. 1996); United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995). Following the trial, the district court revisited the issue and confirmed its ruling that the tapes were admissible. Also, the court ruled that, even if the tapes were erroneously admitted into evidence, any error was harmless, given that Michael's statements in which he admitted his involvement with the marijuana plants and Wayne's statements admitting his

---

[*]Corns died in an unrelated farming accident.

involvement with the plants, as corroborated by exhibits and testimony by police witnesses, clearly proved each Defendant's guilt beyond a reasonable doubt. See Lilly v. Virginia, 527 U.S. 116, 140 (1999) (providing standard); United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002) ("Evidentiary rulings are subject to review for harmless error."). The Jordans challenge this ruling on appeal, and argue that the statements on the tapes were inadmissible hearsay and that they were denied their right of confrontation of witnesses against them.

We have reviewed the briefs and joint appendix and find no reversible error in the admission of the tapes. Accordingly, we affirm the convictions for the reasons stated by the district court. See United States v. Jordan, No. CR-02-82 (W.D. Va. Aug. 15, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED